IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Mary D. ("Darcy") Herlong, | ) |
| Plaintiff, | ) Civil Action No. 6:09-2823-RBH-WMC |
| | ) **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) |
| John Ludwig, Systems Development & Integration, d/b/a SKI Networks, and At-Net Services, Inc., | ) |
| Defendants. | ) |

This matter is before the court on several pending motions. In her complaint, the plaintiff alleges sexual discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, against defendants System Development and Integration, Inc. ("SDI") and At-Net Services, Inc. She also alleges state law claims for negligence against SDI and for defamation against SDI and defendant John Ludwig. The plaintiff was formerly employed by SDI, and Ludwig was the chief executive officer and/or the dominant shareholder of SDI. The plaintiff alleges in her complaint that At-Net Services, Inc., acquired the assets and rights of SDI and is a successor employer to SDI.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

**PROCEDURAL HISTORY**

The plaintiff filed her complaint on October 28, 2009. Ludwig was served on October 29, 2009; SDI was served on October 30, 2009; and At-Net Services, Inc., was

served on October 31, 2009. On November 12, 2009, the attorney for At-Net Services, Inc. requested an extension of time to answer or otherwise plead through December 10, 2009, to which plaintiff's counsel agreed. This court granted that motion on November 12, 2009.

On November 25, 2009, the plaintiff's counsel filed a motion for entry of default against Ludwig and SDI, noting that their responses to the complaint were due on or before November 18 and 19, 2009, respectively. Default was entered by the Clerk of Court on November 30, 2009. On December 9, 2009, SDI and Ludwig filed their answers to the complaint.

On December 10, 2009, At-Net Services, Inc., filed a motion to dismiss. In its motion to dismiss, At-Net Services, Inc., argued, *inter alia,* that the plaintiff failed to properly serve At-Net Services Charlotte, Inc., formerly known as At-Net Services, Inc., because the plaintiff served the complaint on At-Net Greenville. At-Net Services, Inc., further argued that the plaintiff's successor employer claims should be against At-Net Greenville rather than against it. On December 11, 2009, the plaintiff filed an amended complaint naming both At-Net Services - Charlotte, Inc. and At-Net Services -Greenville, Inc. as defendants. These defendants (collectively referred to hereinafter as "At-Net") filed a motion to dismiss the amended complaint on January 4, 2010. The plaintiff filed opposition to that motion on January 8, 2010.

On December 14, 2009, defendants Ludwig and SDI filed motions to set aside the entry of default. The plaintiff filed her opposition on December 30, 2009, and the defendants filed a reply on January 12, 2010.

## APPLICABLE LAW AND ANALYSIS

*Motions to Dismiss*

As noted above, defendant At-Net's first motion to dismiss was filed prior to the filing of the amended complaint. After the amended complaint was filed, At-Net filed

2

another motion to dismiss as to the amended complaint. Accordingly, it appears that the first motion to dismiss (doc. 22) is moot as it pertained to the original complaint.

In its motion to dismiss the amended complaint (doc. 38), At-Net Charlotte argues the Asset Purchase Agreement clearly establishes that At-Net Greenville, a South Carolina corporation in existence since July of 2009, purchased assets from SDI (def. m. to dismiss, ex. B). Additionally, At-Net contends that the filings with the Secretary of State make it apparent that At-Net Charlotte is a North Carolina corporation separate and apart from At-Net Greenville (def. m. to dismiss, ex. A). Accordingly, At-Net Charlotte argues that, as it was not a party to the Asset Purchase Agreement, it cannot be held liable as a successor employer on any legal theory. These defendants further argue that the Fourth Circuit Court of Appeals has not adopted the theory of successor employer liability, and thus the plaintiff has failed to state a claim against At-Net Greenville.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (citations omitted).

The plaintiff notes that she has alleged that At-Net operates as a single entity (amended comp. ¶ 5). As this court's review is limited to the complaint, the plaintiff argues that the defendants' reference to an acquisition agreement is not appropriate at this stage of the case and further argues that the issue should be addressed under Federal Rule of Civil Procedure 56 after adequate discovery. The plaintiff argues that the acquisition agreement document, which is not referenced in the complaint, is only one piece of evidence that would be considered on the merits as to the complex issue of single or

integrated employer. This court agrees that the issue of whether At-Net Charlotte is a proper party would be better addressed after discovery.

As to the defendants' argument regarding successor employer liability, the plaintiff notes that the defendants provide no citation to any case law supporting the assertion that "the Fourth Circuit has refused to hold a company, which never employed the plaintiff, liable for the transgressions of the plaintiff's actual employer" (def. m. to dismiss 6). The plaintiff further notes that six of the 11 federal circuits have recognized that such a doctrine may be applied, and the plaintiff's attorney states that he is not aware of any federal circuit that has *rejected* application of the doctrine. Furthermore, the plaintiff notes that this court in a previous case set forth the factors to be considered when addressing a claim of successor liability. *See EEOC v. Freeman Mechanical, Inc.*, 6:02-1783-25AK, R&R at 4 n.3 (D.S.C. Dec. 13, 2002). The plaintiff argues that the law summarized by this court in that Report and Recommendation is generally consistent with the developing law as it stands today. *See, e.g., Brzozowski v. Correctional Physician Services, Inc.*, 360 F.3d 173, 177-78 (3d Cir. 2004).

The defendants have provided no basis upon which its arguments can be accepted as a matter of law under Rule 12. Accordingly, the motion to dismiss should be denied.

***Motions to Set Aside Default***

Defendants Ludwig and SDI filed motions for relief from entry of default, which was entered against them on November 30, 2009. Under Federal Rule of Civil Procedure 55, the court "may set aside an entry of default for good cause." Fed.R.Civ.P. 55(c). Counsel for Ludwig and SDI represents these defendants in a related state court action brought by the plaintiff in this case. According to counsel, he was unaware that the plaintiff filed suit in federal court in this case and served these defendants. As noted above,

4

Ludwig's responsive pleading was due November 18, 2009, and SDI's was due November 19, 2009. On November 16, 2009, Ludwig pleaded guilty to a charge of reckless homicide, which resulted in a probationary sentence. On November 22, 2009, the plaintiff's counsel sent defense counsel an email asking whether he was going to represent Ludwig "in the new case." On November 25, 2009, the plaintiff filed a motion for entry of default and forwarded the Electronic Case Filing notice to defense counsel. According to defense counsel, this was the first notice he had that the federal action had actually been filed. On December 9, 2009, after default had been entered against these defendants, defense counsel left a message for the plaintiff's counsel that he had made financial arrangements with these defendants and would be representing them in the federal court case. He filed answers on behalf of Ludwig and SDI that same day.

The defendants argue that good cause exists under Rule 55 for relief from entry of default because "Ludwig was facing murder charges, and was working out a plea agreement under which he could have been incarcerated for ten years. Ludwig was also fighting to be able to visit his children . . . [and he] also has several other cases pending in Family Court and in Circuit Court" (def. m. for relief ¶¶ 23-24). The defendants also note that the plaintiff filed an amended complaint on December 14, 2009, and thus will not suffer prejudice if relief is granted.

The plaintiff argues that whether or not Mr. Carpenter, these defendants' attorney, knew that the plaintiff had commenced this case does not matter as he was not the lawyer for either Ludwig or SDI at the time the case was commenced. The plaintiff argues that defendants SDI and Ludwig were in possession of the complaint and consciously chose to not retain counsel. The plaintiff contends as follows: "[F]rom the beginning, there has been an abject refusal to cooperate which . . . is simply one example of Defendant Ludwig's standard operating procedure in the various litigation in which he is involved . . . . Even when he does choose to litigate, Defendant Ludwig has engaged in a

5

clear pattern and practice of ignoring his obligation to the courts by revoking his counsel's authority to act and stonewalling in discovery . . . " (pl. resp. m. for relief 1).  The plaintiff further argues that other factors weigh against granting relief from the entry of default:  (1) after default was entered, it was another nine days before SDI and Ludwig retained counsel and filed their answers; (2) these defendants have proffered no evidence of a meritorious defense; (3) these defendants are personally responsible for the default; (4) the costs and time associated with moving the case along are greater than a typical harassment case and thus the plaintiff is prejudiced; and (5) these defendants have a history of dilatory conduct.

In their reply to the plaintiff's opposition, these defendants discuss Ludwig's other cases and respond to the plaintiff's claims regarding Ludwig's history of dilatory conduct.  Ludwig and SDI claim that the plaintiff's argument, in essence, is that "because Mr. Ludwig is involved, this Court should not fairly and generously apply the rules, as it would in another case" (def. reply 1).  They argue that Ludwig's oversight in this case was understandable given the highly unusual circumstances and personal pressures surrounding him at the time the response to the complaint was due.  Oddly, however, the defendants attempt to place part of the blame for the default on the plaintiff's counsel:  "As personally painful as it is for the undersigned to say so, both he and Mr. Ludwig believe that the failure to notify the undersigned that the Federal Case had actually been filed, prior to the entry of default, was intentional" (def. reply 6).

This court does not take the failure of Ludwig and SDI to abide by the Federal Rules lightly.  However, good cause exists for relief from the entry of default in this case.  Ludwig was facing a murder charge and pleaded guilty to a charge of reckless homicide two days before his answer was due in this case.  Importantly, the plaintiff has filed an amended complaint since default was entered, and thus there does not appear to be any prejudice to the plaintiff in allowing relief.

6

This case is still in its early stages, and the court expects civility between the litigants and attorneys and conformity with the Federal Rules and deadlines as the case progresses.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the defendant At-Net's motion to dismiss (doc. 22) be ruled moot and its motion to dismiss amended complaint (doc. 38) be denied. This court further recommends that defendants Ludwig and SDI's motions to set aside default (docs. 28, 29) be granted.

s/William M. Catoe
United States Magistrate Judge

March 10, 2010

Greenville, South Carolina