IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Mary D'Arcy ("Darcy") Herlong, ) | Civil Action No.: 6:09-cv-02823-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| John Ludwig, System Development ) | |
| & Integration, Inc. d/b/a SDI Networks, ) | |
| and At-Net Services- Charlotte, Inc. ) | |
| f/k/a and d/b/a At-Net Services, Inc. and ) | |
| At-Net Services- Greenville, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court upon the Report and Recommendation ("R&R") of United States Magistrate Judge William M. Catoe.[1] In the R&R, the Magistrate Judge recommends that the Court deny the Motion to Dismiss Amended Complaint [Docket #38] by At-Net Services-Charlotte, Inc. and At-Net Services- Greenville, Inc. (collectively "the At-Net Defendants") and grant Defendants John Ludwig's ("Ludwig") and System Development and Integration, Inc.'s ("SDI") respective motions to set aside default [Docket # 28], [Docket #29].

**Factual Background and Procedural History**

This case was initiated when the Plaintiff filed a Complaint alleging sexual discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 against defendants SDI and At-Net Services, Inc. The Plaintiff also alleges state law claims for negligence against SDI and for defamation against SDI and Ludwig. The allegations in this case

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge William M. Catoe for pretrial handling.

arise from the fact that the Plaintiff was formerly employed by SDI, while Ludwig was the chief executive officer and/or the dominant shareholder of SDI. Further, the Plaintiff alleges that At-Net Services acquired the assets and rights of SDI and is a successor employer to SDI.

The Complaint was filed on October 28, 2009. On November 30, 2009, entry of default as to defendants SDI and Ludwig was entered. On December 10, 2009, defendant At-Net Services, Inc. filed its Motion to Dismiss [Docket #22]. On December 11, 2009, the Plaintiff filed the Amended Complaint, clarifying the defendants in this matter.[2] On December 14, 2009, defendant Ludwig filed a Motion to Set Aside Default [Docket #28], as did defendant SDI [Docket #29]. On January 4, 2010, the At-Net Defendants filed a Motion to Dismiss Amended Complaint [Docket #38]. The Magistrate Judge issued an R&R on March 10, 2010, in which he recommends that the Court deny the At-Net Defendants' Motion to Dismiss Amended Complaint and grant defendants Ludwig's and SDI's motions to set aside default. Further, the Magistrate Judge recommends that At-Net Services' Motion to Dismiss be ruled moot given the Amended Complaint. Timely objections to the R&R have been filed by the Plaintiff and the At-Net Defendants.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the

---

[2] In the Amended Complaint, the Plaintiff removed At-Net Services, Inc. from the caption and added "At-Net Services- Charlotte, Inc. f/k/a and d/b/a At-Net Services, Inc. and At-Net Services- Greenville, Inc."

Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

## **Discussion**

### *At-Net Defendants' Objections*

The At-Net Defendants object to the Magistrate Judge's recommendation that their Motion to Dismiss be denied and claim "no theory of successor liability exists for liability alleged pursuant to Title VII of the Civil Rights Act of 1964." *Objections,* p.1. Specifically, the At-Net Defendants argue "that while some but not all other Circuits have adopted the theory of successor liability in the context of labor cases and specifically Title VII, the issue is one of first impression in the United States Court of Appeals for the Fourth Circuit." *Id.* at 1-2.

The Supreme Court recently clarified the standard for dismissal under Rule 12(b)(6) and held that the "no set of facts" standard only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 563 (2007). Under *Twombly,* to survive Rule 12(b)(6) scrutiny, the plaintiff's claim to relief must at least be "plausible on its face." *Id.* at 570. While a court accepts the factual allegations in the complaint as true and considers those

3

facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts. Inc. v. J.D. Assocs. LLP,* 213 F.3d 175, 180 (4th Cir. 2000). The presence of a few conclusory legal terms does not insulate a claim from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. *See Taubman Realty Group LLP v. Mineta,* 320 F.3d 475, 479 (4th Cir. 2003). As such, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555 (citations omitted). Essentially, the At-Net Defendants allege that the Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because the Fourth Circuit has not specifically addressed the issue of successor liability. However, district courts in the Fourth Circuit have **denied** motions to dismiss for this very reason. *See Woodson v. U.S. Airways, Inc.,* 67 F. Supp. 2d 554, 557 (M.D.N.C. 1999) (denying in part a motion to dismiss "because this issue presents an important and difficult question of first impression within this circuit"); *Wash. Park Lead Comm., Inc. v. EPA,* No. 2:98CV421, 1998 WL 1053712, at *9 (E.D. Va. Dec. 1, 1998) ("The issue that the instant case raises is essentially one of first impression, and the Court is wary of granting the defendants' motion to dismiss on this basis.").

Further, the Fourth Circuit has addressed "contractual" successor liability where a new corporate employer purchases assets from the predecessor employer. *See Holly Farms Corp. v. NLRB,* 48 F.3d 1360, 1365-66 (4th Cir. 1995) ("[I]n a variety of circumstances involving a merger, stock acquisition, reorganization, or assets purchase, the Board might properly find as a matter of fact that the successor had assumed the obligations under the old contract." (quoting

4

*NLRB v. Burns Int'l Security Servs., Inc.,* 406 U.S. 272, 291 (1972))). Moreover, other district courts in the Fourth Circuit have set forth the factors to be considered when addressing allegations of successor liability in Title VII discrimination claims. *See, e.g., EEOC v. Thurston Motor Lines, Inc.,* 124 F.R.D. 110, 114 (M.D.N.C. 1989); *Connor v. Colony Lake Lure,* No. 4:97CV01, 1997 WL 816511, at *5 (W.D.N.C. Sept. 4, 1997). It is also important to note that the At-Net Defendants have provided no citation to any case law supporting their assertion that "the Fourth Circuit has refused to hold a company, which never employed the plaintiff, liable for the transgressions of the plaintiff's actual employer." *Motion to Dismiss Amended Complaint,* p.6. Thus, the At-Net Defendants' motion is denied, as the Plaintiff's allegations in the Amended Complaint are enough to raise a right to relief above a speculative level.

### *The Plaintiff's Objections*

The Plaintiff objects to the Magistrate Judge's recommendation that defendants SDI and Ludwig be granted relief from the entry of default. In the objections, the Plaintiff argues, among other things, that "[t]he Magistate Judge never addressed the factors for 'good cause' under Colleton Prep, which lead to the inescapable conclusion that there exists no 'good cause' here," and "Defendant Ludwig's criminal proceedings do not constitute 'good cause' under rule 55(c)." *Objections,* pp.1-2. The Plaintiff further asserts that the "[defendant] never proffered any substantive defense, which is an absolute requirement in order to be granted relief from default in this Circuit." *Id.* at 2.

The decision to set aside an entry of default is "committed to the sound discretion of the district court." *See Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987). Under Rule 55(c) of the Federal Rules of Civil Procedure, the Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The clear policy of the Federal Rules of Civil Procedure

5

is to discourage judgment by default and to encourage disposition of claims on their merits. *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). Given this policy, the Fourth Circuit has held that Rule 55(c) is to be "liberally construed in order to provide relief from the onerous consequences of defaults . . . " *Id.* (citations omitted). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Id.* (citation omitted).

The factors that determine whether an entry of default should be set aside include "(1) the promptness of the defaulting party, (2) the presence or absence of a meritorious defense, (3) whether the party or counsel bears the responsibility for the default, (4) the prejudice that would result to the innocent party, (5) whether the defaulting party has a history of dilatory conduct, and (6) the availability of sanctions less drastic." *Colleton Preparatory Acad., Inc. v. Beazer East, Inc.*, 223 F.R.D. 401, 405-06 (D.S.C. 2004). "[T]hese factors should be applied more leniently when the action is one under Rule 55 as opposed to one under Rule 60, and the court should always keep an eye toward the preference for meritorious resolutions of disputes." *Id.* at 405 (citation omitted). Generally "a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967); *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) ("[R]elief from a judgment of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense.") A meritorious defense is presented where the moving party makes a presentation or proffer of evidence which, if believed, would permit the court to find for the defaulting party. *Moradi*, 673 F.2d at 727. Alleging a meritorious defense in a responsive pleading is sufficient to present a meritorious defense. *See id.* (where preparing and serving an answer that alleged a

6

defense apparently satisfied the requirement of presenting a meritorious defense even though the answer was subsequently refused by the Clerk of Court for noncompliance with local rules); *see also Tolson,* 411 F.2d at 130 (finding that the mere assertion of facts constituting a meritorious defense in an original complaint satisfied the requirement of presenting a meritorious defense to a counterclaim upon which default judgment had been entered and noting "one of plaintiff's intended defenses to the counterclaim had already been pleaded; the answer sought to be filed would have repeated it more formally . . .").

In the instant matter, responsive pleadings from defendants Ludwig and SDI were due November 18, 2009, and November 19, 2009, respectively. The docket sheet reflects that entry of default was entered on November 30, 2009 against both defendants. Subsequently, the defendants filed Answers to the Complaint on December 9, 2009 and, less than five days later, filed their respective motions to set aside default. Given the unusual circumstances surrounding defendant Ludwig during this time, the Court finds that the defendants were reasonably prompt under a lenient standard.[3] Moreover, the defendants have alleged a meritorious defense. *See Answers,* ¶¶ 31-35. It is also important to note that, because the Plaintiff filed the Amended Complaint *after* the defendants filed their Answers and motions to set aside default, the Plaintiff will suffer no unfair prejudice by the Court's granting these defendants relief from default and having the case heard on the merits. The Court does not take the defendants' failure to abide by

---

[3] During this time, "Ludwig was facing murder charges, and was working out a plea agreement under which he could have been incarcerated for ten years. Ludwig was also fighting to be able to visit his children . . . [and he] also has several other cases pending in Family Court and in Circuit Court." *Motion to Set Aside Default,* ¶¶ 23-24. In fact, Ludwig pleaded guilty to a charge of reckless homicide just two days before his responsive pleading was due. The Court finds that Ludwig's oversight in this case was understandable given the highly unusual circumstances and personal pressures surrounding him at the time the Answer was due.

7

the Federal Rules lightly; however, applying the *Colleton* factors leniently, good cause exists for relief from the entry of default in this case. As such, the Court agrees with the recommendation of the Magistrate Judge in that defendants Ludwig's and SDI's respective motions to set aside default should be granted.

Having thoroughly reviewed the entire record, the parties' objections, and the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. As such, the Court agrees with the recommendations of the Magistrate Judge.

## **Conclusion**

Based on the foregoing, it is **ORDERED** that the Magistrate Judge's R&R is adopted and incorporated herein by reference. Accordingly, defendant John Ludwig's Motion to Set Aside Default [Docket #28] is **GRANTED,** defendant SDI's Motion to Set Aside Default [Docket #29] is **GRANTED,** the At-Net Defendants' Motion to Dismiss Amended Complaint [Docket #38] is **DENIED,** and At-Net Services Inc.'s Motion to Dismiss [Docket #22] is moot.

**IT IS SO ORDERED.**

                                              s/ R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

Florence, South Carolina
April 8, 2010